United States District Court
Southern District of Texas
**ENTERED**
February 10, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HORACE DEMAR, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-320 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") and currently is incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se* and *in forma pauperis*, Petitioner filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on July 29, 2016 (D.E. 1).[1] Petitioner claims that his right to due process was violated in a disciplinary hearing that was held while he was incarcerated at the McConnell Unit which resulted in the imposition of punishment. Respondent filed a motion for summary judgment on December 29, 2016 (D.E. 14) to which Petitioner did not respond. As discussed more fully below, it is respectfully recommended that Respondent's motion for summary

---

[1] Pleadings submitted by inmates generally are considered filed as of the date they are placed in the prison mail system, as long as the prisoner states under penalty of perjury the date that he placed the petition in the mail system. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases. However, because Petitioner in this case did not state when he placed the petition in the prison mail system, it will be considered filed as of the date it was received in the Clerk's office.

judgment be granted and Petitioner's habeas corpus petition be denied.  It is further recommended that a Certificate of Appealability be denied.

## JURISDICTION

Jurisdiction and venue are proper in this court because the actions about which Petitioner complains occurred in Beeville, Bee County, Texas, which is located in the Corpus Christi Division of the Southern District of Texas.   28 U.S.C. 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

## BACKGROUND

Petitioner currently is serving a fifty-year sentence for attempted capital murder with a deadly weapon (Ex. A to Mot. for Sum. Jmt.; D.E. 14-1 at p. 2).   Petitioner does not complain about his holding conviction, but challenges the results of a disciplinary hearing.  In disciplinary case number 20160134559 Petitioner was accused and found guilty of masturbating in public  (DHR at p. 1; D.E. 13-2 at p. 3).[2]

In the offense report the charging officer, A. Cano, wrote that on January 7, 2016 she was serving another offender with notice of a disciplinary hearing when she observed Petitioner masturbating in the shower.  He continued to do so even after he was observed by Cano (DHR at p. 4; D.E. 13-2 at p. 6).  During the investigation of the incident the Petitioner said he was taking a shower.  An officer who was escorting Cano stated that he did not see Petitioner masturbating because he was paying attention to another offender. But the officer did identify Petitioner for Cano (DHR at pp. 5; D.E. 13-2 at pp. 7, 9).

---

[2] "DHR" refers to the Disciplinary Hearing Record located at D.E. 13-2.

At the hearing, Petitioner testified that he was taking a shower when he heard a commotion in the day room.  Offenders were whistling and making comments, apparently at Cano.  As Petitioner was looking out the door, Cano looked into the shower and said something like, "Don't be nasty."  She and the escorting officer backed up, looked into the shower, and left (DHR at p. 8; D.E. 13-2 at p. 10).  Cano testified that she could clearly see Petitioner masturbating and that he was deliberately drawing attention to himself (DHR at pp. 8-9; D.E. 13-2 at pp. 10-11).

Petitioner was found guilty based on Cano's report and testimony.  He was punished with the loss of forty-five days of recreation, commissary and telephone privileges, was forced to remain in Line Class 3 status,[3] and lost forty-five days of good time (DHR at p. 1; D.E. 13-2 at p. 3).

Petitioner filed a Step 1 grievance in which he complained that (1) he was denied access to the recording of the hearing even though he made a timely request; (2) he requested that the charging officer be present at the hearing and (3) the Disciplinary Hearing Officer was unfair because he did not consider the testimony of the escorting officer that he did not see Petitioner masturbating (DGR at p. 1; D.E. 13-1 at p. 3).[4] Petitioner was denied administrative relief (DGR at p. 2; D.E. 13-1 at p. 4).  He filed a

---

[3] The amount of good conduct time an inmate can earn depends on his Line Class.  When offenders enter TDCJ they are assigned a time-earning status of Line Class 1 and may work their way into a higher time-earning status or be placed in a lower time-earning status, depending on their behavior.  The number of good conduct days which may be earned in a particular Line Class is fixed by statute.  TDCJ Offender Orientation Handbook, rev. April 2016, at p. 8. http://www.tdcj.state.tx.us/documents/Offender_Orientation_Handbook_English.pdf (last viewed February 9, 2017).
[4] "DGR" refers to the Disciplinary Grievance Record located at D.E. 13-1.

Step 2 grievance reiterating his earlier arguments and again was denied administrative relief (DGR at p. 4; D.E. 13-1 at p. 6).

In his complaint, Petitioner asserts that (1) the charging officer infringed upon his privacy by peering at him as he showered; (2) the charging officer fabricated the disciplinary charge against him; and (3) there was insufficient evidence to support a finding of guilt. In her motion for summary judgment Respondent contends that Petitioner's first claim is unexhausted and procedurally barred. Respondent further contends that because Petitioner is not eligible for release to mandatory supervision, he has failed to state a claim for habeas corpus relief.

## APPLICABLE LAW

### A. Right to Privacy

Petitioner alleges that the charging officer and the officer who was escorting her violated his right to privacy because they made an effort to look at him when he was in the shower. Respondent argues that Petitioner did not properly exhaust all of his claims at the administrative level with regard to this claim and because it is now too late for him to do so, the unexhausted claims are procedurally barred.

Respondent's exhaustion argument is inapposite to Petitioner's claim about his right to privacy because Petitioner's allegations regarding his right to privacy cannot be addressed in this habeas action. A prisoner must bring a habeas corpus action if success would necessarily demonstrate the invalidity of his confinement or its duration. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). But when an inmate challenges conditions of confinement, the claim is cognizable under 42 U.S.C. § 1983. *Carson v.*

*Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).  Even if Petitioner succeeded on his claim that his right to privacy was violated, it would not demonstrate the invalidity of his confinement or its duration.  Thus, his claim is a challenge to his conditions of confinement and should be dismissed without prejudice for refiling in the proper manner.

## B.  Due Process Rights

In order to be granted a writ of habeas corpus, a petitioner must show that he is in custody in violation of the Constitution, laws or treaties of the United States.  In *Sandin v. Conner*, 515 U.S. 472 (1995), the U.S. Supreme Court described the limited instances in which a prison inmate can make out a claim that a liberty interest has been taken without due process and acknowledged that under certain circumstances a state may create liberty interests which are protected by the Due Process Clause.  *Id.* at 483-484 (citing *Wolff v. McDonnell*, 418 U.S. 539, 94 (1974) and *Meachum v. Fano*, 427 U.S. 215 (1976)).  However the interests generally are limited to those which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Id.* at 484.

The Court further noted that the punishment of incarcerated prisoners effectuates prison management and prisoner rehabilitative goals and that while prisoners do not shed all constitutional rights are the prison gate, "'lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'"  *Id.* at 485 (quoting *Jones v. North Carolina Prisoner's Labor Union, Inc.*, 433 US. 119, 125 (1977) and *Price v. Johnston*, 334 U.S. 266, 285 (1948)).  "Discipline by prison officials in response to a wide range of

misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.* The touchstone of the inquiry into the existence of a protected, state-created liberty interest is the nature of the condition in relation to the ordinary incidents of prison life. *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005)(citing *Sandin*, 515 U.S at 484). Petitioner's complaints are examined in light of this standard.

### 1. Line Class

Petitioner was made to remain in Line Class 3. Generally, a lower classification of line class limits an inmate's ability to earn good time credits, which could have an effect on his eligibility for parole and in turn, on the amount of time he is in custody. Even so, "such speculative, collateral consequences do not create constitutionally protected liberty interests." *Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995)(*citing Meachum v. Fano*, 427 U.S. 215, 229, n. 8 (1976)). "'Prisoners have no protectable property or liberty interest in custodial classifications.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999)(citing *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998)). *See also Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000)(holding that timing of inmate's release is too speculative to afford him a constitutionally cognizable claim to the right to a particular time-earning status, which right the Texas legislature has specifically denied creating). Thus, Petitioner cannot make out a cause of action based on the reduction in line class.

### 2. Loss of Good Time

In Texas, some inmates are entitled to early release under a mandatory supervision program in which a prisoner sentenced to the institutional division can serve the remainder of his term outside the prison, not on parole, but under the supervision and

6 / 10

control of the pardons and paroles division. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997)(citing Tex. Code Crim. P. Ann. art. 42.18 § 2(2)).[5]  Prisoners earn good time credits which are added to their actual days served in prison to calculate their release date.  Tex. Gov't Code Ann. §508.147 (West 2014).  The Fifth Circuit has determined that prisoners have a constitutional expectation of early release under the mandatory supervision program and therefore have a liberty interest with respect to their good time. *Malchi*, 211 F.3d at 957-958.

However, prisoners who commit certain offenses are excluded from eligibility for mandatory release.  *See* Tex. Gov't Code § 508.149 (a) (West 2016) (lists offenses that render an inmate ineligible for release to mandatory supervision).[6]   In this case, Petitioner's conviction for attempted capital murder precludes his release to mandatory supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.18 § 8(c) (West 1990) and Tex. Code Crim. Proc. Art. 42.12 §3g(a)(2) (West 1990).  Because Petitioner is not eligible for release to mandatory supervision, he does not have a liberty interest in earning or keeping good time credits and thus has failed to make out a claim that his due process rights have been violated.  Accordingly, summary judgment should be entered for Respondent.

## C.  Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, the

---

[5] Currently located at Tex. Gov't Code Ann. § 508.001(5).
[6] Formerly Tex. Code Crim. Proc. Ann. art. 42.18 § 8(c).

issue of whether he is entitled to a COA will be addressed.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

A slightly different standard applies when the claims are dismissed on procedural grounds.  In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

In Petitioner's case, it is recommended that his cause of action be denied on the merits. If the district court orders that Petitioner's cause of action be dismissed and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because reasonable jurists would not find it debatable that Petitioner failed to state a claim for violation of a constitutional right.

## R<span>ECOMMENDATION</span>

Based on the foregoing, it is recommended that Respondent's motion for summary judgment (D.E. 14) be GRANTED. Petitioner's cause of action for habeas corpus relief should be DENIED. Petitioner's cause of action for violation of his right to privacy should be dismissed without prejudice because he cannot bring it in a habeas action. In addition, it is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted this 10th day of February, 2017.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).